**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PATRICIA J. DAVIS, an Individual, JEFFREY GOERGEN, an Individual, and PATRICIA A. DUNCAN, an Individual,** Plaintiffs, v. **HUGO ENTERPRISES, LLC, a Nebraska Limited Liability Company, OPPORTUNITY EDUCATION FOUNDATION, an Iowa Non-Profit Corporation, and ADP TOTALSOURCE, INC., a Florida Corporation,** Defendants. | **8:11CV221** **CONFIDENTIALITY ORDER** |

The Parties and their respective divisions, parents, subsidiaries, affiliates, or related companies, past, present and future officers, directors, shareholders, representatives, employees and agents, and likely non-party witnesses, possess certain confidential and proprietary business and other information, which may be disclosed in responding to discovery requests, or otherwise in the above-captioned action (the "Action"). The Parties have conferred and have entered into a Confidentiality Stipulation (filing 51) to govern the disclosure of information considered to be of a confidential nature. The Confidentiality Stipulation, as set forth below, is hereby approved.

**IT IS SO ORDERED.**

## CONFIDENTIALITY STIPULATION

1.      This Confidentiality Stipulation applies to any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good-faith opinion of the party providing such material (the "producing party") contains or may contain any trade secret or other confidential or proprietary personnel, development, technical, financial, medical, business or commercial

information of the producing party, or a third party, if such material is within the possession, custody or control of the producing party.

2.      Confidential documents and other material, including all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom may be designated as such by the producing party, and shall be and hereinafter are referred to, as "Confidential Information." Confidential Information shall be visibly marked with the designation "CONFIDENTIAL".

3.      In addition to the parties, Confidential Information and each analysis or report containing such Confidential Information may be made available only to, and inspected only by:

(a)      the Court and its employees and the jury;

(b)      outside counsel of record for the parties in this action (and their personnel) and consulting counsel (and their personnel).  As a condition precedent to disclosure of Confidential Information to any such consulting counsel (or its personnel), the consulting counsel (or its personnel) must acknowledge receipt and understanding of this Confidentiality Stipulation; agree to be bound thereby; and agree to use the Confidential Information solely for this litigation, not to disclose any Confidential Information to any other person, firm or entity in violation of this Confidentiality Stipulation, and never to use any Confidential Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.  Each such consulting counsel (or its personnel) shall execute a declaration acknowledging the foregoing, substantially in the form annexed hereto;

(c)      potential and actual trial or deposition witnesses;

(d)      independent experts and their staff who are employed to furnish expert or technical services or to give expert testimony with regard to this action and who are not otherwise affiliated in any way with a party (including prospective experts and their staff who

2

are contacted but not employed).  As a condition precedent to disclosure of Confidential Information to any such independent expert, the expert must acknowledge receipt and understanding of this Confidentiality Stipulation; agree to be bound thereby; and agree to use the Confidential Information solely for this litigation, not to disclose any Confidential Information to any other person, firm or entity in violation of this Confidentiality Stipulation, and never to use any Confidential Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.  Each such independent expert shall execute a declaration acknowledging the foregoing, substantially in the form annexed hereto.; and

(e)     court reporters, photocopy and scanning services, graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action.

4.     In the event that counsel for a party believes it necessary to disclose any Confidential Information to any person not specified in paragraph 3 as qualified to receive it, said counsel shall notify counsel for the producing party in writing of (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made.  If an agreement cannot be reached, the party desiring to disclose Confidential Information shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary.

5.     Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of confidentiality, attorney-client privilege or work product immunity.

6.     Testimony or information disclosed at a deposition may be designated by a party as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this

Confidentiality Stipulation.  Alternatively, a party may designate testimony or information disclosed at a deposition as Confidential Information by notifying all parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Confidential Information.  Whether or not designation is made at the time of a deposition, the entirety of each deposition shall be treated as Confidential Information from the taking of the deposition until thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

Notwithstanding the foregoing, any employee, agent, advisor, representative or person affiliated with a party who is not qualified to receive Confidential Information may attend a deposition at which Confidential Information may be disclosed.  In such event, the party must designate the specific testimony or information containing Confidential Information by indicating on the record at the deposition that such information is subject to the provisions of this Confidentiality Stipulation.  The designating party shall have the right to exclude any person not qualified to review the Confidential Information from the deposition only during the period Confidential Information is disclosed or discussed.

7.     In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such paper "CONFIDENTIAL" or "CONFIDENTIAL -- UNDER CONFIDENTIALITY STIPULATION." A tangible object may be designated as Confidential Information by affixing to the object or its container a label or tag indicating its confidentiality.

8.     Nothing in this Order shall prevent a party from using any information or materials designated as Confidential Information at depositions, trial, during a hearing, or the

4

like.  However, the Parties shall have 60 days following the production of any document to designate a document as only being subject to disclosure under Restricted Access.  Prior to the expiration of that 60-day period, before submitting any material designated as "Confidential" to the Court at a hearing, trial, in support of or in opposition to any motion or in any other manner that allows the public access to it, the party who wishes to submit to the Court or allow public access to any such materials designated as "Confidential" shall give the other party reasonable notice of its intent to do so.  The party receiving such notice may, in a reasonable timeframe that does not interfere with the submitting party's deadlines, designate some or all of the "Confidential" material listed in the notice to be submitted under "Restricted Access" pursuant to Nebraska Civil Rule 5.0.3.  The parties will, upon disagreements over designations for Restricted Access, work together in good-faith to resolve such disagreements by, for example, redacting the information giving rise to the designation for Restricted Access or otherwise agreeing to a format for the Confidential Information that does not require it be filed under Restricted Access.  In the event an agreement cannot be reached over a designation for Restricted Access, then the parties shall follow the procedure set forth below in paragraph 14.  Notwithstanding the foregoing, a party who believes that material should have been designated as for Restricted Access may designate such material as such at any time; however, a party may not subsequently challenge the public filing or submission of any such material if filed after the expiration of the 60 days and prior to the designation of such material as for Restricted Access.

9.    A document that contains or reveals Confidential Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

10.    Confidential Information obtained from a producing party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of the Action.  No party or person

shall make any other use of any such Confidential Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court or agreement of the producing party.

11.    Nothing herein shall be construed:  (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party; or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party.  Should a dispute arise as to any specific information or material, the party disputing the confidential designation shall have the burden of proving that such information or material is, or was, publicly known or lawfully obtained other than through discovery of the producing party.

12.    Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as Confidential Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

13.    A receiving party who believes that material produced by a party should have been designated as Confidential Information may designate such information as Confidential at any time.  The producing party shall not disclose or otherwise publicly file any material it has produced unless and until fourteen (14) days have elapsed since the production with no designation by the receiving party that such material should be considered Confidential.

14.    A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Should any party to this Action object to the designation of documents or testimony or

other material as "Confidential," then the party or non-party designating such documents, depositions, or other material shall provide reasons for such designation in writing; thereafter, if the parties do not reach agreement on a designation, the party seeking to designate such documents or other material as "Confidential" may apply to the Court for an appropriate protective order within 20 days; provided, however, that any document or other material whose designation is subject to dispute shall be treated as "Confidential" subject to this Confidentiality Stipulation pending further order of the Court following the timely filing of a motion.

15.     The inadvertent or unintentional failure by a party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials.  Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

16.     The terms of this Confidentiality Stipulation shall be applicable to any additional party to this action or third party who produces information designated by a party as Confidential Information.

17.     Nothing herein shall prevent disclosure beyond the terms of this Confidentiality Stipulation if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

18.     Upon written notice by the producing party within fifteen (15) days of learning of the inadvertent disclosure of attorney-client or work product material, the producing party shall notify the receiving party that such material was inadvertently disclosed.  Thereafter, the receiving party shall promptly return the originals and all copies of the documents or things containing the allegedly privileged or immune information.  If the receiving party disagrees that

7

the information is protected from disclosure by the attorney-client privilege or work-product immunity, or asserts that there has been a waiver of privilege, the receiving party may keep one (1) copy of such material and any original deposition exhibits while it moves the court, within fifteen (15) days of the producing party's notice of inadvertent disclosure, for an order that such information be produced, in which case, the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

19.     Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as Confidential Information, including extracts and summaries thereof, and all reproductions thereof, shall be destroyed or disposed of as mutually agreed upon by the parties.  If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the producing party that destruction has taken place.  Insofar as the provisions of this and any other Confidentiality Stipulation entered in this action restrict the communication and use of information produced hereunder or there under, such Confidentiality Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal).  Notwithstanding the preceding sentences of this paragraph, pleadings, trial and deposition transcripts and exhibits and any other papers filed with or received from the court containing Confidential Information may be retained by outside trial counsel for each of the parties and shall remain subject to the provisions of this Confidentiality Stipulation and shall not be disclosed to any person unless after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to Court order or by agreement with the producing party.

20.    This Confidentiality Stipulation has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

21.    If another court or administrative agency issues a subpoena or orders production of any Confidential Information received by a party pursuant to this Confidentiality Stipulation, the receiving party shall promptly notify the producing party of the pendency of such subpoena or order.

22.    This Confidentiality Stipulation is without prejudice to the right of any party or any third party to seek modification of the Confidentiality Stipulation upon good cause shown.  This Confidentiality Stipulation may also be modified or amended by written agreement of the parties.

**DATED June 5, 2012.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PATRICIA J. DAVIS,  an Individual, JEFFREY GOERGEN, an Individual, and PATRICIA A. DUNCAN, an Individual,**<br>                              **Plaintiffs,**<br>        **v.**<br>**HUGO ENTERPRISES, LLC, a Nebraska Limited Liability Company, OPPORTUNITY EDUCATION FOUNDATION, an Iowa Non-Profit Corporation, and ADP TOTALSOURCE, INC., a Florida Corporation,**<br><br>                              **Defendants.** | **8:11CV221** |

I, _____, declare under penalty of perjury that:

(a)          My          present          residential          address          is

_____

(b)          My present employer is _____ and the address

of my present employer is _____

(c)          My          present          occupation          or          job          description          is

_____

(d)          I have received and carefully read the Confidentiality Stipulation dated

_____, and understand its provisions.   Specifically, I understand that I am

obligated, under order of the Court, to hold in confidence and not to disclose the contents of

anything marked CONFIDENTIAL, except as permitted by paragraph 3 of the Confidentiality

Stipulation.  I further understand that I am not to disclose to anyone other than those persons

identified in paragraph 3 of the Confidentiality Stipulation any words, substances, summaries,

abstracts or indices of any Confidential Information disclosed to me.  I will use the Confidential

Information solely for purposes relating to the above-captioned litigation.  I will never use the Confidential Information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Confidentiality Stipulation.

(e)     At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Confidentiality Stipulation, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
Date

_____
Signature

11