IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PATRICIA J. DAVIS, an Individual, PATRICIA A. DUNCAN, an Individual, and JEFFREY J. GOERGEN,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **8:11CV221** |
| V. ) ) | |
| | **ORDER** |
| **HUGO ENTERPRISES, LLC, a Nebraska Limited Liability Company, OPPORTUNITY EDUCATION FOUNDATION, an Iowa Non-Profit Corporation, and ADP TOTALSOURCE, INC., a Florida Corporation,** ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | |

This matter is before the Court on Plaintiffs' and Defendant Opportunity Education Foundation's ("Opportunity Education") respective motions to compel (filings 73 & 70). For the reasons set forth below, Plaintiffs' motion to compel (filing 73) will be granted, in part, and Opportunity Education's motion to compel (filing 70) will be denied.

**BACKGROUND**

Defendant Opportunity Education is a non-profit corporation that provides educational support and supplies to schools in developing countries. Joe Ricketts ("Ricketts") is the founder and CEO of Opportunity Education. Defendant Hugo Enterprises, LLC ("Hugo") is the holding company for various businesses and ventures owned and operated by Ricketts. Hugo also provides administrative services to Opportunity Education.

The Amended Complaint (filing 38) alleges that Plaintiff Patricia Davis ("Davis") was employed by Defendants as Director of Education Opportunity, Plaintiff Patricia A. Duncan

("Duncan") was employed part-time by Defendants as Sister Schools Coordinator of Opportunity Education and Plaintiff Jeffrey J. Goergen ("Goergen"), who is Davis' son, was employed by Opportunity Education in its warehouse.

In August, 2009, Davis and Duncan submitted complaints of alleged sexual harassment to Opportunity Education. In response to those complaints, Ricketts requested that Alfred Levitt, an in-house lawyer at Hugo, assist him in conducting an internal investigation. That internal investigation concluded in early September, 2009. In November, 2009, Davis submitted another complaint, this time alleging retaliation because of her prior harassment claims. In response to her allegations of retaliation, Opportunity Education hired an outside law firm to investigate Davis' new charges. Specifically, Opportunity Education engaged the law firm of Morgan Lewis & Bockius, LLP and had one of its partners, Ken Turnbull ("Turnbull"), investigate Davis' retaliation allegations. That investigation was conducted from November through December, 2009, and at the conclusion of the investigation, Turnbull prepared an investigative report that detailed his findings. This report was provided to Plaintiffs.

After Plaintiffs' employment with Opportunity Education was terminated, Plaintiffs instituted this action, asserting claims under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practices Act ("NFEPA"). (Filing 38.)

### 1. Plaintiffs' Motion to Compel

In order to be subject to liability under Title VII or NFEPA, an employer must have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e(b); Neb. Rev. Stat. § 48-1102(2). There is a dispute in this case regarding whether the fifteen employee threshold has been met. Plaintiffs claim that Opportunity Education and Hugo are an integrated employer and, taken together, the fifteen employee requirement is satisfied.

With respect to the employee numerosity and integrated enterprise issues, Plaintiffs, through several interrogatories, requested information regarding individuals who performed

services for Opportunity Education, Hugo, and other enterprises Hugo administers. Plaintiffs also propounded requests for production, seeking similar information in documentary form. Defendants objected to those discovery requests, but agreed to produce documents showing the number of individuals hired to perform services for Opportunity Education as an "employee" for years 2008 to 2010.

Plaintiffs seek an order directing Defendants to produce responsive information relating to the individuals who performed services for Opportunity Education in 2008, 2009 and 2010, whether classified as employees, independent contractors or otherwise.[1] Plaintiffs argue that this information is critical in determining whether the fifteen employee requirement has been satisfied. Plaintiffs note that Defendants recently produced IRS 1099 Forms for individuals who provided services for Opportunity Education from 2008 to 2010. Plaintiffs maintain, however, that the production of the 1099's does not satisfy the discovery requests because the 1099s do not necessarily include the names of all individuals who performed services for Opportunity Education in those years. Plaintiffs argue that Opportunity Education knows who provided services in those years and can easily list them in an interrogatory answer and produce records reflecting them.

In response to Plaintiffs' arguments, Defendants assert that they have already provided substantial information pertaining to the employee numerosity and purported integrated enterprise issues. Defendants maintain that the additional information requested by Plaintiffs is cumulative and burdensome.

The information Plaintiffs seek through these discovery requests is relevant to issues involved in this proceeding. Although Defendants have produced materials which they believe provide Plaintiffs sufficient information regarding the issues in this case, Defendants

---

[1] Plaintiffs initially requested that the Court compel Defendants to supplement their responses to multiple interrogatories and document production requests. In their reply brief, Plaintiffs withdrew their motion, except as it relates to Opportunity Education's response to Interrogatory No. 7 (filing 74-2), Interrogatory No. 2 (filing 74-2) and Requests for Production Nos. 5, 6, 52, 53, 54, 55 and 58. (Filing 74-4.) Therefore, the Court's order only addresses Plaintiffs' motion as it pertains to those remaining discovery requests.

are not relieved of their responsibility to provide full discovery responses. Generally, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). Therefore, the party resisting discovery must "show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Whittington v. Legent Clearing, LLC*, No. 8:10CV465, 2011 WL 6122566, *3 (D. Neb. Dec. 8, 2011). There has not been a sufficient demonstration that the time or expense involved in responding to Plaintiffs' requested discovery would unduly burden Defendants. Therefore, the Court will order Defendants to supplement its responses to Opportunity Education Interrogatory No. 7 and Requests for Production Nos. 52, 53, 54, 55 and 58.

Plaintiffs have also moved the Court to compel Defendants to fully respond to Interrogatory No. 2 and Document Production Request Nos. 5 and 6, which includes the production of thirty-two emails described in Defendants' privilege log. (Filing 74-7.) Generally, these discovery requests seek information regarding investigations of Plaintiffs' claims. Interrogatory No. 2 provides:

> Identify every individual involved in any way in the investigation of Patricia Duncan's and Patricia Davis's internal complaints of discrimination, harassment and retaliation in 2009 and 2010 including, but not limited to, by gathering information, providing information, reviewing information, interviewing witnesses, making credibility determinations, discussing the matter, making recommendations, making decisions and/or reviewing or approving decisions. For each such individual:
>
> A.  Describe in detail his/her involvement; and
>
> B.  Identify all documents and electronically-stored information (hereinafter "ESI") relating to his/her involvement.

(Filing 74-2.) Defendants objected to this discovery request based on the attorney-client

privilege and work-product doctrine, but also answered that, subject to and without waiving the objections, they would produce responsive documents concerning the investigation into Duncan and Davis' internal complaints. (*Id.*) Document Production Request No. 5 seeks:

> All documents relating to the investigation(s) of Patricia Davis' and/or Patricia Duncan's internal complaints of discrimination, harassment and retaliation in 2009 and 2010 including, but not limited to, witness statements, interview notes, evidence, exhibits, findings, conclusions, results, reports, draft reports, correspondence, e-mails, disciplinary documents, and warnings.

(Filing 74-4.) Request No. 6 requests:

> All documents demonstrating that defendants acted in good faith in compliance with Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practice Act.

(*Id.*) Defendants objected to Request No. 5, claiming, among other things, that the information sought was protected by the attorney-client privilege and work-product doctrine. (*Id.*) Defendants stated, however, that subject to, and without waiving these objections, they would produce responsive documents. (*Id.*) With respect to Request No. 6, Defendants stated that they would produce responsive documents.

In response to Plaintiffs' discovery requests, Plaintiffs produced information with respect to the investigative work performed by Turnbull, but withheld materials regarding the investigative work performed by Ricketts and Levitt before they hired Turnbull. Plaintiffs argue that by producing information regarding Turnbull's investigation, Plaintiffs have waived the attorney-client privilege as to the remaining information. Plaintiffs assert that Defendants cannot waive privilege where they think it will aid them in litigation, while maintain the privilege when they believe it would be a detriment.

"Voluntary disclosure of attorney client communications expressly waives the privilege." *U.S. v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (citations omitted). "When a party reveals part of a privileged communication in order to gain an advantage in litigation, it waives the privilege as to all other communications relating to the same subject

5

matter . . . " *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982). However, although the waiver extends beyond documents initially produced to communications relating to the same subject matter, what constitutes the "same subject matter" is to be viewed narrowly. *See Skukh v. Seagate Tech, LLC*, 848 F. Supp.2d 987, 990-92 (D. Minn. 2011).

In this case, Davis and Duncan complained of alleged harassment in August, 2009. In response, Opportunity Education conducted an internal investigation that was completed by Levitt and Ricketts in September, 2009. In November, 2009, two months after her initial complaint of harassment, Davis submitted a separate complaint of alleged retaliation. Then, in November, Opportunity Education hired outside counsel, Turnbull, to conduct an investigation. Given the facts here, the Court finds that the subject of Defendants' waiver is Turnbull's November/December 2009 investigation, not the internal investigation conducted earlier. Therefore, the Court rejects Plaintiffs' argument that the attorney-client privilege was waived as to the other investigatory materials.

Also, the Court disagrees with Plaintiffs' assertion that the crime-fraud exception applies to the facts of this case. Under the crime-fraud exception, "[a]ttorney-client communications lose their privileged character when the lawyer is consulted . . . to further a continuing or contemplated criminal fraud or scheme." *In re Green Grand Jury Proceedings*, 492 F.3d 976, 979 (8th Cir. 2007). Plaintiffs claim that the crime-fraud exception operates here because Davis' sworn testimony regarding a telephone call between Ricketts and Levitt, as well as her journal notes, indicate that Defendants had a plan to allow Davis to be retaliated against until she quit her job. At least at this point, Plaintiffs have not offered sufficient evidence to show a factual basis adequate to support a good faith belief by a reasonable person that the crime-fraud exception applies. The Court will not conduct an *in camera* review of the documents in question and Plaintiffs' motion to compel will be denied with respect to Interrogatory No. 2 and Document Production Request Nos. 5 and 6.

Finally, Plaintiffs' request that Defendants be compelled to produce Turnbull's investigatory report in "native" format, or produce the report electronically in such a format that would reveal changes, edits and when those changes or edits were made. This request is granted.

### 2. Defendant Opportunity Education Foundation's Motion to Compel

During her employment with Opportunity Education, Davis was provided a computer for use in connection with her job responsibilities. On April 3, 2012, Defendants served Plaintiffs with Defendants' First Request for Production of Documents. Defendants' Request No. 20 sought the "[r]eturn of the [Foundation] - issued computer provided to Davis during her employment at Opportunity Education." (Filing 72-3.) Request No. 20 further called for Davis to return the computer "without any alteration, deletion or other manipulation of files, documents or other materials stored on the computer and without any attempt to erase, alter or overwrite any item on the computer or its drives." (*Id.*) In her discovery responses, Davis objected to Request No. 20, claiming that it was "overly broad and beyond the scope of discovery." (Filing 72-5.) Opportunity Education subsequently filed this motion to compel, seeking an order compelling Davis to return the computer and precluding her from further accessing the computer or engaging in any conduct that could affect the integrity of the information on the computer.

There is no dispute that Opportunity Education issued the subject computer to Davis. Davis contends, however, that she should not be ordered to produce the computer because Opportunity Education's CEO verbally told her that she could keep it, a claim which Opportunity Education denies. Davis argues that Fed. R. Civ. P. 34 does not require production of the computer because ownership of the computer is in dispute. Davis also argues that she should not be ordered to produce the computer because it stores personal information, as well as information potentially protected by the attorney-client privilege or work-product doctrine.

The question of who owns the computer, Davis or Opportunity Education, is separate from the issue of whether information stored on the computer is subject to discovery. To the extent that Opportunity Education simply seeks the return of its alleged property, it must seek this relief by other means - not through a discovery request. To the extent Opportunity Education seeks to obtain relevant information stored on the computer, this request is certainly within the scope of permissible discovery. However, production of the entire computer, at least before ownership of the computer is determined, is inappropriate. "[T]he

federal rules do not give a party the 'right to conduct its own search of [another party's] electronic devices.'" *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 WL 3347101, *1 (E.D. Wis. Oct. 15, 2009) (quoting *Henderson v. United States Bank, N.A.*, No. 08-CV-0839, 2009 WL 1152019, *1 (E.D. Wis. Apr. 29, 2009). Instead, the federal rules "allow the responding party to search his [or her] records to produce the required, relevant data." *Id*. (quotation omitted).

There does not appear to be a dispute that the computer may contain information relevant to these proceedings. However, Request No. 20 does not specifically identify the information sought from the computer. Accordingly, Opportunity Education's motion to compel will be denied. Opportunity Education may, however, amend Request No. 20 to identify the categories of information it seeks from the computer. Then, if upon receiving Davis' response to the amended request Opportunity Education has reason to believe that Davis has failed to perform an adequate search of the computer files, it may submit another motion to compel addressing this issue.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Compel (filing 73) is granted, in part, as set forth above. Defendants shall supplement their discovery responses as set forth above by or before January 23, 2013.

2. Defendant Opportunity Education Foundation's Motion to Compel (filing 70) is denied.

**DATED January 9, 2013.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**