IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICIA J. DAVIS, an Individual, PATRICIA A. DUNCAN, an Individual, and JEFFREY J. GOERGEN,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **8:11CV221** |
| V. | ) ) ) | **ORDER** |
| **HUGO ENTERPRISES, LLC, a Nebraska Limited Liability Company, and OPPORTUNITY EDUCATION FOUNDATION, an Iowa Non-Profit Corporation,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

    Plaintiffs have moved, pursuant to Fed. R. Civ. P. 56(d), to conduct limited, expedited discovery prior to having to respond to Defendants' motion for summary judgment. (Filing 112.) Plaintiffs have also filed a separate motion for an extension of time to respond to Defendants' summary judgment motion. (Filing 117.) For the reasons explained below, Plaintiffs' request to conduct additional discovery will be granted, in part, and their motion for an extension of time to respond to Defendants' motion for summary judgment will be granted.

### BACKGROUND

    In this suit, Plaintiffs allege that they were subjected to a hostile work environment and that their employment was terminated in retaliation for having complained about Defendants' allegedly unlawful employment practices. Plaintiff Jeffrey Goergen ("Goergen") worked for Defendant Opportunity Education Foundation ("Opportunity Education") in its warehouse from January, 2009, until his termination on or about December 16, 2010.

Goergen's supervisor in the warehouse was Jayson Graham ("Graham"), Opportunity Education's Warehouse and Distribution Manager. In his deposition taken on October 24, 2012, Graham testified that Goergen was terminated because work in the warehouse was slow during the winter months and that there was little work to be performed in the warehouse at that time.

Steven Robinson ("Robinson") currently performs the warehouse duties that Goergen previously performed. Robinson started working for Opportunity Education in or about January, 2011, allegedly performing services for Sister Schools Coordinator, Angie Nastase ("Nastase"), in Opportunity Education's office. Defendants claim that Robinson did not begin to perform warehouse services until May, 2011.

Following Graham's deposition, Plaintiffs served a second set of discovery requests, requesting Robinson's timesheets, work schedules and attendance records. Defendants produced Robinson's timesheets on December 3, 2012. Upon examination, these timesheets appear to be the same as those used for warehouse employees. Robinson's timesheets are also signed by Graham as manager. Plaintiffs maintain that these timesheets show that Robinson actually started working in the warehouse in January, 2011, shortly after Goergen's termination for alleged lack of work.

In a declaration submitted with Defendants' motion for summary judgment, Graham states that because Nastase did not have access to timesheets or invoices for use for contractors performing office services for Opportunity Education, he provided Nastase copies of the timesheets he previously used for contractors performing services in the warehouse. (Filing 113-5.) Graham represents that he signed Robinson's timesheets during the period that Robinson performed office duties for Nastase because Nastase was not a manager at Opportunity Education and, as a result, could not approve contractor timesheets. (*Id*.)

## DISCUSSION

Plaintiffs request that they be given time to conduct expedited discovery regarding

2

Graham's declaration before having to respond to Defendants' motion for summary judgment. Plaintiffs claim that until Graham's summary judgment declaration was filed, Plaintiffs had no reason to believe that Robinson's timesheets were actually for work Robinson performed in the office under Nastase's supervision. Plaintiffs wish to inquire into Graham's explanation for Robinson's timesheets by conducting additional written discovery, deposing Nastase and Robinson, and reopening Graham's deposition. Plaintiffs also want the Court to order Defendants to provide an updated privilege log to include communications with Nastase and Robinson, as well as communications with Graham since his deposition.

Rule 56(d) generally provides that if a party opposing a motion for summary judgment shows by affidavit that it cannot present facts essential to justify its opposition, the court may order a continuance to enable further discovery to be performed. Fed. R. Civ. P. 56(d). In order to request discovery under Rule 56(d), "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Ojeda v. Scottsbluff*, No. 4:08CV3067, 2009 WL 2990019, *1 (D. Neb. Sept. 16, 2009).

Given the totality of the circumstances here, the Court will allow Plaintiffs to depose Nastase. Plaintiffs have made clear that they wish to obtain limited information regarding the representations contained in Graham's declaration, specifically, the reasons why warehouse timesheets were used to record Robinson's time and why Graham signed the timesheets, rather than Nastase. It appears to the Court that this information can obtained by simply deposing Nastase and, at this point, the Court does not see a need to depose Robinson, reopen Graham's deposition or conduct any further written discovery. The Court notes that additional information gained from Nastase's deposition may actually help resolve factual disputes relating to the motion for summary judgment.

Plaintiffs' request for additional time to respond to Defendants' motion for summary judgment will likewise be granted. Given the lengthy filings associated with Defendants' summary judgment motion, as well as Plaintiffs' present desire to conduct additional discovery, the Court finds that an extension is appropriate.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Relief Under Fed. R. Civ. P. 56(d) (filing 112) is granted, in part. Plaintiffs shall depose Angie Nastase by or before March 12, 2013. Defendants shall provide Plaintiffs with Nastase's contact information, should they have it, by or before February 21, 2013.

2. Plaintiffs' Motion for Extension of Time to Respond to Defendants' Summary Judgment Motion (filing 117) is granted. Plaintiffs shall respond to Defendants' summary judgment motion by or before March 13, 2013.

**DATED February 19, 2013.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**