**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **PATRICIA J. DAVIS, an Individual, and** | ) | **CASE NO. 8:11CV221** |
| **PATRICIA A. DUNCAN, an Individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM** |
| **HUGO ENTERPRISES, LLC, f/k/a** | ) | **AND ORDER** |
| **RICKETTS ENTERPRISES, LLC, a** | ) | |
| **Nebraska Limited Liability Company,** | ) | |
| **OPPORTUNITY EDUCATION** | ) | |
| **FOUNDATION, an Iowa Non-Profit** | ) | |
| **Corporation, and ADP TOTALSOURCE,** | ) | |
| **INC., a Florida Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Plaintiffs' Statement of Objections to
Magistrate Judge's Order (Filing No. 96) and Plaintiffs' Motion for Leave to Offer Excerpts
of Deposition of Donna Echeverria in Support of Plaintiffs' Objections to Magistrate Judge's
Order (Filing No. 98). The Court has reviewed and considered the Defendants' Responses
(Filing Nos. 108 and 110), as well as the Magistrate Judge's Order (Filing No. 95), the
Plaintiffs' original motion (Filing No. 73), and the parties' original briefs and indexes of
evidence (Filing Nos. 74, 75, 79, 88, 89, 92 and 93). The Court will grant the Plaintiffs'
Motion for Leave to Offer Excerpts of Deposition of Donna Echeverria, contained within
Filing No. 98, and the Court has reviewed and considered that testimony. For the reasons
stated below, however, the Plaintiffs' Objections to the Magistrate Judge's Order will be
denied.

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

**DISCUSSION**

Plaintiffs object to that portion of the Magistrate Judge's Order in which he declined to compel the Defendants to produce materials regarding investigative work performed by Joe Ricketts ("Ricketts"), the founder and CEO of Opportunity Education Foundation ("Opportunity Education"), and Alfred Levitt ("Levitt"), in-house counsel at Hugo Enterprises, LLC ("Hugo"), the holding company for various businesses and ventures owned and operated by Ricketts.  Defendants contend that the materials are governed by attorney client and/or work-product privileges.

First, Plaintiffs argued that Defendants' attorney-client and work-product privileges were waived when they produced information regarding a subsequent investigation conducted by their retained counsel Ken Turnbull ("Turnbull").  ("Voluntary disclosure of attorney client communications expressly waives the privilege, . . . [as to] any information directly related to that which was actually disclosed." *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998).)  Second, Plaintiffs argued that Defendants forfeited the privileges under the crime-fraud exception, because they had a fraudulent plan to retaliate against Plaintiff Patricia J. Davis.  ("[A] client who has used his attorney's assistance to perpetrate a crime or fraud cannot assert the work product privilege as to any documents generated in furtherance of his misconduct."  *In re Green Grand Jury Proceedings,* 492 F.3d 976, 980 (8th Cir. 2007).)  Plaintiffs asked the Magistrate Judge to conduct an *in*

2

*camera* review of the "purportedly privileged documents" to "determine whether they are deserving of protection by either the attorney-client privilege or the work-product privilege in the first instance, and if so whether the movant has established probable cause that the crime/fraud exception applies."  (Pls.' Br., Filing No. 75, at 10.)

Magistrate Judge Gossett acknowledged that voluntary disclosure of  privileged communications may waive privileges attached to other communications on the same subject matter, but he recognized that courts have construed "the same subject matter" narrowly.  *See* Order, Filing No. 95 at 5-6.  He noted that the Plaintiffs complained of harassment in August 2009, and the internal investigation of that complaint, conducted by Levitt and Ricketts, was completed in September 2009.  The Plaintiffs' complaint of retaliation followed, with an investigation of that complaint conducted by Turnbull in November and December 2009.  Judge Gossett concluded that the Defendants' waiver of attorney-client privilege with respect to the second investigation did not effect a waiver with respect to attorney-client communications during the first investigation.  He also concluded that Plaintiffs had "not offered sufficient evidence to show a factual basis adequate to support a good faith belief by a reasonable person that the crime-fraud exception applies." *Id*. at 6.

Fed. R. Evid. 502 provides:

(a)  When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

(1) the waiver is intentional;
(2) the disclosed and undisclosed communications or information concern the same subject matter; and
(3) they ought in fairness to be considered together.

3

While the Plaintiffs have demonstrated that the Defendants' waiver of the attorney-client privilege with respect to the Turnbull investigation was intentional, they have not demonstrated that the undisclosed communications (listed in Defendants' Privilege Log at Filing 74-7[1]) concerned the same subject matter as the disclosed communications, nor have the Plaintiffs demonstrated that the undisclosed communications in fairness ought to be considered with the disclosed communications.   Accordingly, Judge Gossett's conclusion that the privilege was *not* waived with respect to communications between Levitt and Defendants' managers in connection with the *first* investigation was neither clearly erroneous nor contrary to law.

Having reviewed the evidentiary record presented by the Plaintiffs, including the testimony of Donna Echeverria, the Court also concurs with Judge Gossett's conclusion that Plaintiffs have not met their burden of demonstrating that the Court should conduct an *in camera* review of the materials withheld.  ("[A] district court may not order the production of documents for *in camera* review unless the party urging production has made the threshold showing 'of a factual basis adequate to support a good faith belief by a reasonable person' that the crime-fraud exception applies.'"  *In re Green Grand Jury*

---

[1]   The Privilege Log indicates that 30 of the 32 email communications involved Opportunity Education managers seeking legal advice from Levitt or receiving legal advice from him.  One communication is described as the relaying of Levitt's legal advice between managers.  One communication, from Ricketts to Mark Simmons on August 28, 2009, is described as a communication between managers regarding information gathered pursuant to legal advice, and it is not clear from this description that an attorney-client privilege attaches.  Although the Defendants' Privilege Log presented in the Plaintiff's index of evidence does not itself bear any signature of counsel, nor is it accompanied by an affidavit, the Court assumes that the Defendants' objections to Plaintiffs' discovery were presented in compliance with Fed. R. Civ. P. 26(g); that each of the withheld email communications was reviewed by defense counsel; and that Defendants' objections to Plaintiffs' discovery requests are certified by counsel to meet the standards set out in Rule 26(g).

*Proceedings*, 492 F.3d at 983 (quoting *United States v. Zolin*, 491 U.S. 554, 572 (1989)).) Accordingly, neither is Judge Gossett's Order clearly erroneous or contrary to law on that basis.

IT IS ORDERED:

1.   The Plaintiffs' Motion for Leave to Offer Excerpts of Deposition of Donna Echeverria in Support of Plaintiffs' Objections to Magistrate Judge's Order (Filing No. 98) is granted; and

2.   The Plaintiffs' Objections to Magistrate Judge's Order (Filing No. 96) are overruled.

.    DATED this 20th day of February, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

5